**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SYLVIA H. WILLIAMS,

        Plaintiff,

                                    Case No. 3:25-cv-974-MMH-MCR

vs.

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY,

        Defendant.

_____/

**O R D E R**

**THIS CAUSE** is before the Court <u>sua sponte</u>. On August 25, 2025, Plaintiff Sylvia Williams, who is proceeding <u>pro se</u>, initiated this action by filing a Complaint. (Doc. 1; Complaint). In the Complaint, Williams appears to request various forms of relief to remedy an unfavorable decision that the Equal Employment Opportunity Commission rendered in an appeal she pursued. <u>See generally</u> Complaint. However, Williams neither specifies the basis of the claim that she appealed nor articulates what cause of action she seeks to assert. <u>See generally id.</u> And Williams fails to explain why this Court has jurisdiction over

this action. Id. at 1. Accordingly, the Complaint is due to be stricken, and Williams will be given an opportunity to file an amended complaint.[1]

As a preliminary matter, the Court notes that federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Here, the Court has some doubt as to whether it can exercise subject matter jurisdiction over Williams' action. Williams appears to state that this case presents a federal question because she is suing a federal agency to challenge the unfavorable decision of another federal agency. However, neither

---

[1] On October 2, 2025, in an order denying without prejudice Williams' Amended/Corrected Application to Proceed in District Court Long Form Without Prepaying Fees or Cost (Doc. 4), the magistrate judge identified some of the deficiencies in Williams' Complaint and directed her to file an amended complaint by October 16, 2025. See Order (Doc. 5). Instead of doing so, Williams opted to pay the filing fee and did not renew her request to proceed in forma pauperis.

of these bases is sufficient to create a federal question. Rather, a federal question exists if the lawsuit "aris[es] under the Constitution laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, Williams does not plead facts sufficient to establish subject matter jurisdiction pursuant to a specific statutory grant or diversity jurisdiction. The Court cautions that it is Williams' burden to specify the basis of the Court's subject matter jurisdiction.

Additionally, the Complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.[2] While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading

---

[2] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure (Rule(s)) and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by written request to the Clerk's Office.

requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). In addition, Rule 10 requires a plaintiff to state his claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." <u>See</u> Rule 10(b). In addition, "[i]f doing so would promote clarity," Rule 10 requires that "each claim founded on a separate transaction or occurrence— . . . must be stated in a separate count . . . ." <u>See</u> Rule 10(b). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Here, Williams does not satisfy three requirements of Rules 8 and 10. First, she fails to include a short and plain statement of the claim showing that she is entitled to relief. Second, Williams fails to utilize separate numbered paragraphs to present her allegations. And finally, she fails to set forth her claim or claims in separate counts. As such, the Court cannot discern the basis for Williams' claim or claims, and it will be impossible for the Secretary of the

Department of Homeland Security to frame a responsive pleading. As such, the Court will strike the Complaint for failure to comply with Rules 8 and 10, and direct Williams to re-plead in the form of a proper complaint. In her amended complaint, Williams must utilize numbered paragraphs and separate counts. See Rule 10(b). Williams also must present "a short and plain statement" of her claim or claims demonstrating that she is entitled to relief. See Rule 8(a)(2).

Last, the Court notes that the Complaint does not comply with the typography requirements of the Local Rules of this Court. Specifically, it does not contain page numbers or use a permissible font. See Local Rule 1.08(a)–(b), United States District Court, Middle District of Florida (Local Rule(s)). Page numbers must appear at the bottom center of every page of the Complaint, with the exception of the first page. Id. at (a). Additionally, the Complaint must use either fourteen-point Times New Roman font or thirteen-point Book Antiqua, Calisto MT, Century Schoolbook, Georgia, or Palatino font. Id. at (a)–(b). Williams is cautioned that she must comply with the Court's Local Rules in all future filings. Failure to do so may result in the striking of the filing or the imposition of sanctions.

Prior to filing her amended complaint, the Court encourages Williams to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through

that program, <u>pro</u> <u>se</u> litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Williams may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at <u>www.flmd.uscourts.gov/legal-information-program</u>.[3]

In light of the foregoing, it is

**ORDERED**:

1. The Complaint (Doc. 1) is **STRICKEN**.

2. Williams shall have up to and including **December 12, 2025**, to file an amended complaint. Williams is cautioned that failure to file an amended complaint in accordance with this Order may result in the dismissal of her case for failure to prosecute.

**DONE AND ORDERED** in Jacksonville, Florida, November 14, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

---

[3] In preparing her amended complaint and any future filings, the Court recommends that Williams visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to <u>pro</u> <u>se</u> parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Williams does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

lc36
Copies to:

Counsel of Record
Pro Se Party